# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LINCOLN BENEFIT LIFE COMPANY,   )
                                  )
         Plaintiff/            )
         Counterclaim-Defendant,    )
                                    )
      v.                       )     C.A. No. N17C-08-301 ALR
                                  )
WILMINGTON TRUST, N.A.,      )
as Securities Intermediary,     )
                                  )
         Defendant/        )
         Counterclaim-Plaintiff.     )

Submitted: January 17, 2019
Decided: March 21, 2019, corrected April 4, 2019[1]

***Upon Defendant's Motion to Stay***
**GRANTED**

## <u>MEMORANDUM OPINION</u>

Joseph C. Schoell, Esq., Drinker Biddle & Reath LLP, Wilmington, Delaware, Jason P. Gosselin, Esq., Katherine L. Villaneuva, Esq., Christopher F. Petrillo, Esq., Drinker Biddle & Reath LLP, Philadelphia, Pennsylvania, Attorneys for Plaintiff.

Brian M. Rostocki, Esq., Reed Smith LLP, Wilmington, DE, Attorney for Defendant.

**Rocanelli, J.**

---

[1] This Memorandum Opinion has been corrected only to reflect the correct name of Defendant's counsel.

Defendant Wilmington Trust, N.A., as Securities Intermediary, has moved to stay this action in favor of a pending action in a Mississippi federal court between the same parties and involving the same issues. Plaintiff Lincoln Benefit Life Company opposes the motion to stay. Previously, this Court declined to dismiss this action on the basis of *forum non conveniens* finding Wilmington Trust did not meet the high burden required to deprive a plaintiff of its choice of forum.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2007, Lincoln Benefit, a Nebraska life insurance company, issued a life insurance policy on the life of Adele Frankel ("Policy") to a Mississippi trust. Upon the death of Ms. Frankel in August 2016, Wilmington Trust, which holds the Policy as Securities Intermediary, made a demand to Lincoln Benefit for the Policy proceeds to be paid ("Claim"). While the Claim was under review–in other words, before responding to Wilmington Trust–Lincoln Benefit filed this declaratory judgment action on August 23, 2017, seeking a declaration that the Policy is void *ab initio* under Mississippi insurable interest laws ("Delaware Declaratory Judgment Action"). According to Lincoln Benefit, the Policy was fraudulently procured as part of a stranger-originated life insurance ("STOLI") scheme contrary to Mississippi law. Shortly thereafter, on September 22, 2017, Lincoln Benefit filed a

---

[2] *See Lincoln Benefit Life Co. v. Wilmington Trust, N.A.*, 2018 WL 1638871 (Del. Super. Apr. 5, 2018) (MEMORANDUM OPINION AND ORDER).

lawsuit in the United States District Court for the Northern District of Mississippi, Oxford Division ("Mississippi Federal Court") asserting claims for breach of contract, bad faith, and fraud, and seeking payment of the Claim or, in the alternative, the return of the Policy premiums ("Mississippi Action").[3]

The two lawsuits have proceeded on parallel tracks with competing pretrial motions and coordinated discovery.[4] On October 20, 2017, Wilmington Trust moved to dismiss the Delaware Declaratory Judgment Action in favor of its second-filed suit in the Mississippi Federal Court, asking this Court to exercise its discretion on the basis of *forum non conveniens*. Soon thereafter, on October 30, 2017, Lincoln Benefit moved to dismiss the Mississippi Action, arguing that the Mississippi Federal Court lacks personal jurisdiction over Lincoln Benefit and also asking that the Mississippi Federal Court refrain from hearing the case under the *Colorado River* abstention doctrine.[5]

---

[3] *Wilmington Trust, N.A. v. Lincoln Benefit Life Co.*, C.A. No. 3:17-cv-185-SA-RP (N.D. Miss.).

[4] The Mississippi Federal Court granted the parties permission to use and rely upon any discovery that has been given or obtained in connection with the Delaware Declaratory Judgment Action to the same extent as if it had been given or obtained in connection with the Mississippi Action. *Wilmington Trust, N.A., v. Lincoln Benefit Life Co.*, C.A. No. 3:17-cv-185-SA-RP, at 3 (N.D. Miss. Dec. 3, 2018) (ORDER).

[5] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976) (explaining that circumstances allowing dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration, though exceptional, do nevertheless exist).

Thus, motions were pending in both courts with each plaintiff asking each court to defer to the other litigation. This Court denied the motion to dismiss the Delaware Declaratory Judgment Action by Memorandum Opinion and Order dated April 5, 2018.  Just a few months later,[6] on September 18, 2018, the Mississippi Federal Court denied Lincoln Benefit's motion to dismiss, finding, among other things, that the exercise of personal jurisdiction over Lincoln Benefit was appropriate.[7]

Parallel challenges continued in both jurisdictions.  Upon motion by Lincoln Benefit, the Mississippi Federal Court declined to stay the Mississippi Action by Order dated December 3, 2018.[8]  Wilmington Trust filed a motion for judgment on the pleadings, decision on which is stayed in the Delaware Declaratory Judgment Action.  Wilmington Trust now seeks to stay the Delaware Declaratory Judgment Action in favor of the Mississippi Action.  In the meantime, a motion for summary

---

[6] Decisions on the pending motions were subject to similar internal court guidelines for prompt decision-making.  This judicial officer was prepared to defer to a decision by the Mississippi Federal Court to adjudicate that case to conclusion.  However, decision by the Mississippi Federal Court was delayed when the Mississippi Action was reassigned to a different judge after the motion to dismiss had been pending for several months.

[7] *Wilmington Trust, N.A. v. Lincoln Benefit Life Co.*, 328 F.Supp.3d 586, 597 (N.D. Miss. 2018).

[8] *Wilmington Trust, N.A., v. Lincoln Benefit Life Co.*, C.A. No. 3:17-cv-185-SA-RP, at 3 (N.D. Miss. Dec. 3, 2018) (ORDER).

judgment was filed on behalf of Wilmington Trust in the Mississippi Action on February 27, 2019.

The Delaware Declaratory Judgment Action is scheduled for a 5-day trial on September 9, 2019. The Mississippi Action is scheduled for trial in December of 2019. Accordingly, not only has the Mississippi Federal Court asserted jurisdiction and expressed a preference to resolve this dispute, but the Court has set a trial date which is nearly contemporaneous to the trial date in Delaware.

## **LEGAL STANDARD**

The granting of a stay in favor of a foreign action is not a matter of right, but rests within the sound discretion of the trial court.[9] In considering a motion to stay, the threshold inquiry of determining the applicable standard is dependent upon the circumstances surrounding the filing of the actions.[10]

Where one of two "competing" actions is filed before the other, the *McWane* standard controls and the first-filed action is generally entitled to preference.[11] The Court's discretion should be exercised freely in favor of a stay when there is a prior

---

[9] *BP Oil Supply Co. v. Conoco Phillips Co.,* 2010 WL 702382, at *2 (Del. Super. 2010).
[10] *Id.*
[11] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970); *Rosen v. Wind River Systems, Inc.*, 2009 WL 1856460, at *3 (Del. Ch. June 26, 2009).

4

action involving the same parties and issues that are pending elsewhere in a court that is capable of doing prompt and complete justice.[12]

In contrast, where two or more actions are contemporaneously filed, the Court examines a motion to stay under the traditional *forum non conveniens* framework without regard to a *McWane*-type preference of one action over the other.[13] To justify a stay where the actions are contemporaneously filed, generally "the movant need only demonstrate that the preponderance of applicable forum factors 'tips in favor' of litigating the dispute in the non-Delaware forum."[14] However, when granting a stay of a contemporaneously filed action on *forum non conveniens* grounds would likely have the same ultimate effect as dismissal, the movant must demonstrate that litigating in Delaware would cause overwhelming hardship and inconvenience.[15]

When parties are simultaneously engaged in the adjudication of the same cause of action in two courts, regardless of which action is considered first-filed, the

---

[12] *McWane Cast Iron Pipe Corp.*, 263 A.2d at 283; *Rosen*, 2009 WL 1856460, at *3.
[13] *National Union Fire Ins. v. Turner Constr.*, 2014 WL 703808, at *2 (Del. Super. Feb. 17, 2014) (citing *Rosen*, 2009 WL 1856460, at *3.).
[14] *BP Oil Supply Co.,* 2010 WL 702382, at *2 (citing *Azurix Corp. v. Synagro Technologies, Inc.*, 2000 WL 193117, at *5 (Del. Ch. Feb. 3, 2000)). Under these circumstances, "…balancing all of the relevant factors, the focus of the analysis should be which forum would be the more 'easy, expeditious, and inexpensive' in which to litigate." *National Union Fire Ins.*, 2014 WL 703808, at *2.
[15] *BP Oil Supply Co.*, 2010 WL 702382, at * 2 (citing *In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 117 (Del. Ch. 2009)).

Court's discretion must always be informed by principles of comity and necessities of an orderly and efficient administration of justice.[16] The unseemly race by each party to judgment in the forum of its choice and the possibility of inconsistent rulings is to be avoided.[17]

## DISCUSSION

Simultaneous litigation of the dispute in both Delaware and Mississippi poses a risk of inconsistent rulings and militates in favor of a stay. Under the circumstances presented here, the motion to stay is not subject to the same "overwhelming hardship" standard that governed the motion to dismiss previously denied by this Court. The relative hardships to the parties and concerns for judicial economy have changed since denying the motion to dismiss. In the interest of judicial economy and given the unacceptable possibility of inconsistent verdicts, the Delaware Declaratory Judgment Action should be stayed as set forth in the following discussion.

I.      **The Delaware Declaratory Judgment Action is Not Entitled to Great Deference as First-Filed.**

As a preliminary matter, the Court must first consider the circumstances surrounding the filing of the actions to determine whether the Delaware Declaratory Judgment Action is entitled to deference as the first-filed action or if the actions

---

[16] *Rosen*, 2009 WL 1856460, at *3.
[17] *McWane Cast Iron Pipe Corp.*, 263 A.2d at 283.

6

should be considered contemporaneously filed for purposes of this motion. This is a question of fact determined by reference to the underlying procedural history.[18] The Court's analysis is informed by its "complementary objectives of discouraging both forum shopping and contrived races to the courthouse."[19] When determining if deference is appropriate, the Court looks at the natural alignment of the parties and may consider if the suits were filed within the same general time frame or in anticipation of litigation.[20] "Where the actions were filed within the same general time frame, the Court considers the actions simultaneously filed so as to avoid a 'race to the courthouse.'"[21] Moreover, a first-filed declaratory judgment action brought in an anticipatory nature is not entitled to the deference generally afforded to a plaintiff's choice of forum.[22]

In *Playtex, Inc. v. Columbia Cas. Co.*, a foreign action seeking a declaration of rights and obligations under an insurance policy was filed in anticipation of an action for damages filed by the natural plaintiff.[23] Although the foreign action was first filed in *Playtex*, the Court did not attribute this choice of forum the deference

---

[18] *Rapoport v. The Litigation Trust of MDIP INC.*, 2005 WL 3277911, at *2 (Del. Ch. Nov. 23, 2005). *National Union Fire Ins.*, 2014 WL 703808, at *2; *Playtex, Inc. v. Columbia Casualty Co.*, 1989 WL 40913, at *4 (Del. Super. Apr. 25, 1989).
[19] *Rapoport*, 2005 WL 3277911, at *2.
[20] *National Union Fire Ins.*, 2014 WL 703808, at *2-3.
[21] *Id.* at *2.
[22] *Playtex, Inc.*, 1989 WL 40913, at *5.
[23] *Id.* at *4.

typically afforded.[24]   The Court found that it was "reasonable to presume that [the natural plaintiff] would have filed suit if [the insurer] had denied coverage."[25]

Similarly, in *National Union Fire Ins., v. Turner Constr. Co.*, the Court found the issue of whether two actions involving the same parties were filed contemporaneously to be a close question when the first-filed declaratory action was filed in Delaware just nine days before the foreign action was filed.[26]   The *National Union* Court found that the first-filed Delaware action was a declaratory judgment action brought in anticipation of litigation that would be brought by the natural plaintiffs and that the parties were actually properly aligned in the foreign action as natural plaintiff and defendant.[27]   Taking these circumstances into account, the *National Union* Court balanced the *forum non conveniens* factors without great deference to the first-filed Delaware action.

In its decision addressing the Wilmington Trust's motion to dismiss, this Court treated this Delaware Declaratory Judgment Action as first-filed for the purposes of a *forum non conveniens* analysis and gave great weight to Lincoln Benefit's choice of forum.  Consideration was appropriate at that stage.  Now, given the more well-developed record, and in consideration of the decisional law on

---

[24] *Id.* at *5.
[25] *Id.*
[26] 2014 WL 703808 at *4.
[27] *Id.*

8

anticipatory declaratory judgment actions, the Delaware Declaratory Judgment Action is not entitled to deference as a first-filed action. At the time the Delaware Declaratory Judgment Action was commenced, Lincoln Benefit had still not denied Wilmington Trust's claim, and Wilmington Trust could not initiate a lawsuit in Mississippi or elsewhere because there was no dispute ripe for adjudication.[28] Once Lincoln Benefit denied the claim for death benefits, Wilmington Trust, arguably the natural plaintiff, filed the Mississippi Action within thirty days of the Delaware Declaratory Judgment Action being initiated by Lincoln Benefit. Taking into account the natural alignment of the parties and the anticipatory filing of a declaratory judgment action, the actions were contemporaneously filed, and this

---

[28] During oral argument, this Court learned of other similar lawsuits filed in Delaware which also involve competing actions in foreign jurisdictions, though involving different underlying life insurance policies. *See Lincoln Benefit Life Co. v. Wilmington Trust, N.A.*, N18C-02-168 MMJ CCLD (Del. Super.); *Lincoln Benefit Life Co. v. Wilmington Trust, N.A.*, N18C-01-082 EMD CCLD (Del. Super.). This Court would be remiss if it did not note its disappointment that counsel failed to alert the Court each time a related action was filed. This Court requires that "[e]very newly filed complaint shall be accompanied by a Case Information Statement (CIS)" listing any related cases either pending or recently resolved in the Superior Court. Sup. Ct. Civ. R. 3. The purpose of this requirement is to ensure that related actions will be assigned to the same judge to improve judicial economy and reduce the risk of inconsistent decisions. To that point, the jurisdictional challenges have been the same in the other Delaware litigation. In a decision staying one of these cases in favor of a first-filed competing action in a foreign jurisdiction, the Court noted "the machinations of both Lincoln Benefit and Wilmington Trust concerning the filing of lawsuits in anticipation of litigation." *Lincoln Benefit Life Co. v. Wilmington Trust, N.A.*, N18C-01-082 EMD CCLD, at *8 (Del. Super. July 31, 2018). Accordingly, the same issues are pending before multiple Delaware judges – exactly the scenario the requirements of Rule 3 intend to avoid.

9

Court will balance the *forum non conveniens* factors and weigh any hardship without great deference to either party's choice of forum.

> **II.** *Forum Non Conveniens* **Analysis: The Overwhelming Hardship Standard Applies.**

Delaware courts determine whether to stay an action based on *forum non conveniens* by evaluating six factors:

(1) whether Delaware law applies;
(2) the relative ease of access to proof;
(3) the availability of compulsory process for witnesses;
(4) the possibility of viewing the premises;
(5) the pendency or nonpendency of a similar action or actions in another jurisdiction; and
(6) all other practical considerations that would make the trial easy, expeditious, and inexpensive.[29]

The Delaware Declaratory Judgment Action and the Mississippi Action are proceeding contemporaneously as discovery is ongoing and applicable regardless of where the dispute is ultimately resolved. Wilmington Trust's motion for judgment on the pleadings is currently pending in the Delaware Declaratory Judgment Action, and a motion for summary judgment is pending in the Mississippi Action.

The Mississippi Federal Court has declined to stay or dismiss the Mississippi Action in favor of the Delaware Declaratory Judgment Action. The Mississippi Federal Court, which is capable of prompt and complete justice, has made it clear

---

[29] *Miller v. Phillips Petroleum Co. Norway*, 537 A.2d 190, 202 (Del. 1988) (citing *Parvin v. Kaufmann*, 236 A.2ds 425, 427 (Del. 1967); *General Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681, 684 (Del. 1964)).

that it intends to exercise jurisdiction over this dispute.[30]  Thus, one or more of the

*forum non conveniens* factors, either separately or together, must subject

Wilmington Trust to sufficient hardship to warrant staying the Delaware Declaratory

Judgment Action in favor of the Mississippi Action.[31]

### III.    Wilmington Trust Has Satisfied Its Burden of Showing Hardship Which Entitles Wilmington Trust to a Stay of the Delaware Declaratory Judgment Action.

Litigating the Delaware and Mississippi Actions simultaneously poses a risk

of inconsistent rulings.  While this Court is well-equipped to decide the Delaware

Declaratory Judgment Action, including rulings on matters of Mississippi state law,

principles of comity and judicial economy must always inform the Court's decision

of whether to stay an action.  Thus, the pendency of an identical action filed in

Mississippi Federal Court, as well as practical considerations, concerns for judicial

---

[30] *See Wilmington Trust, N.A.*, 328 F.Supp.3d at 597.  The Mississippi Federal Court concluded that it is better able than the Delaware Superior Court to address issues of Mississippi state law.  *Id.* at n. 3 ("Obviously, this court has more experience in applying Mississippi law than a Delaware state court does, and this constitutes a rather strong reason *not* to abstain from hearing this case.").  As previously noted, this Court is confident that it is well-equipped to interpret the state law of another jurisdiction.  Moreover, while the United States District Court for the Northern District of Mississippi may be physically located in Mississippi, it is a federal court without a strong interest in interpreting Mississippi state law. *See PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust*, 28 A.3d 1059 (Del. 2011) (answering certified questions from the Delaware District Court on insurance issues and illustrating that a federal court has no authority to interpret the state law of the state in which it physically sits).

[31] *In re Citigroup Inc.*, 964 A.2d at 117 (citing to *Bear Stearns* at *5).

economy, and the possibility of inconsistent verdicts creates sufficient hardship and inconvenience to justify stay of the Delaware Declaratory Judgment Action.

The Delaware Declaratory Judgment Action is scheduled for trial in September 2019. The Mississippi Action is scheduled for trial merely ninety days later, in December 2019. Accordingly, the trial schedule in the Mississippi Federal Court will not unduly delay resolution of the dispute.[32] A stay of Delaware proceedings is warranted.

## CONCLUSION

In consideration of the pendency of a similar action involving the same parties and issues in a court that is capable of doing prompt and complete justice, as well as the risk of inconsistent rulings, the Court finds that litigating the Delaware Declaratory Judgment Action presents overwhelming hardship and inconvenience. The Mississippi Federal Court is proceeding toward a timely resolution of the Mississippi Action. Allowing this Delaware Declaratory Judgment Action to proceed simultaneously with the Mississippi Action will not promote comity or the necessities of an orderly and efficient administration of justice. This Delaware Declaratory Judgment Action is therefore hereby stayed until final resolution of the

---

[32] In the event that trial of the Mississippi Action is delayed, this Court will entertain a motion to lift the stay and schedule trial of the Delaware Declaratory Judgment Action in an expedited manner. The parties would not be prejudiced by such a ruling, as both actions are subject to the same discovery per the Mississippi Federal Court's recent Order.

related action pending before the United States District Court for the Northern District of Mississippi.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**